UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN HILL, | No. 2:23-cv-01593 AC |
| Plaintiff, | |
| v. | ORDER |
| JEFF LEIKAUF, et al., | |
| Defendants. | |

Plaintiff is a county inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action based on 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

    I.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

I.      Factual Allegations in the Complaint

While a pretrial detainee at the South Lake Tahoe Jail, plaintiff alleges that he did not receive adequate medical attention. He specifically contends that Nurse Jennifer failed to treat his staph infection on June 17, 2023. Dr. McMann cleaned and dressed his staph infection on June 21, 2023, but did not prescribe him an antibiotic. Instead, Dr. McMann told plaintiff to notify medical staff immediately if he developed any red streaks on his arm. Later that same day, plaintiff was sent to Barton Hospital for further treatment. When plaintiff went to the medical section at the jail the next day to change the bandage on his wound, Nurse Jennifer refused to help plaintiff and made him change his own dressing.

Based on these events, plaintiff sues Jeff Leikauf, the El Dorado County Sheriff; the El Dorado County Jail-SLT; Wellpath Health, Inc.; Dr. McMann; and, Nurse Jennifer.

/////

II.   Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a Fourteenth Amendment claim of deliberate indifference to his serious medical needs against Nurse Jennifer.  See Gordon v. Cnty. or Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

III.   Failure to State a Claim

The allegations against Dr. McMann are not sufficient to state a deliberate indifference claim.  The complaint does not explain how the treatment that Dr. McMann provided exposed plaintiff to a substantial risk of serious harm.  See Gordon, 888 F.3d at 1125.  Additionally, plaintiff's disagreement with Dr. McMann's chosen course of treatment is not sufficient to state a deliberate indifference claim.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

The claim against Sheriff Leikauf cannot proceed because the complaint just identifies him as the supervisory official in charge of the South Lake Tahoe Jail.  However, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).

The complaint does not state a claim against Wellpath Health, Inc. because it does not link this defendant to the violation of plaintiff's rights.  See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

It is unclear to the court why plaintiff names the South Lake Tahoe Jail as a defendant in this case.[2]  It is merely the location where the alleged constitutional violations occurred and is not a "person" that may be sued in a § 1983 action.  See Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185-87 (9th Cir. 2002) (explaining the different ways of establishing municipal liability under Monell v. Dep't of Social Services, 436 U.S. 585 (1978)).

For all these reasons, the court finds that the complaint does not state valid claims against Dr. McMann, Jeff Leikauf, Wellpath Health, Inc. and the El Dorado County Jail-SLT.  Plaintiff

---

[2] If plaintiff is attempting to raise a claim against El Dorado County based on Monell, he is directed to review the governing legal standards for such a claim described in Attachment A.

may be able to fix these problems, so the court will give him the chance to amend the complaint.

**Plaintiff has a choice to make. He may proceed immediately against defendant Nurse Jennifer on the Fourteenth Amendment deliberate indifference claim, or he may try to fix the remaining claims by filing a first amended complaint. After making his choice, plaintiff must return the attached Notice of Election form to the court within 21 days from the date he receives this order.**

If plaintiff chooses to amend the complaint, he will be given time to file an amended complaint. If plaintiff elects to proceed on his claim against defendant Nurse Jennifer without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of defendants Dr. McMann, Leikauf, Wellpath Health, Inc., and the El Dorado County Jail-SLT.

IV.     Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

V.     Plain Language Summary of this Order for a Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do

not. You have a choice to make. You may either (1) proceed immediately on your Fourteenth Amendment deliberate indifference claim against Nurse Jennifer and voluntarily dismiss the other defendants; or, (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your claims against defendants Dr. McMann, Jeff Leikauf, Wellpath Health, Inc., and the El Dorado County Jail-SLT.

In deciding whether to amend your complaint, you may review Attachment A to this order. This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

Once you decide, you must complete the attached Notice of Election form and return it to the court within 21 days. When the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for leave to proceed in forma pauperis (ECF Nos. 2, 6) are GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's claims against defendants Dr. McMann, Jeff Leikauf, Wellpath Health, Inc., and the El Dorado County Jail-SLT do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his Fourteenth Amendment claim against defendant Nurse Jennifer as set forth in Section II above, or to amend the complaint.

5. Within twenty-one days of service of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will

////

recommend dismissal without prejudice of defendants Dr. McMann, Jeff Leikauf, Wellpath Health, Inc. and the El Dorado County Jail-SLT.

DATED: October 4, 2024

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN HILL,<br><br>        Plaintiff,<br><br>   v.<br><br>JEFF LEIKAUF, et al.,<br><br>        Defendants. | No. 2:23-cv-01593 AC<br><br><u>NOTICE OF ELECTION</u> |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Fourteenth Amendment deliberate indifference claim against defendant Nurse Jennifer without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice defendants Dr. McMann, Jeff Leikauf, Wellpath Health, Inc., and the El Dorado County Jail-SLT pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                       _____
                                       Plaintiff

1

**Attachment A**

I.  Legal Standards Governing Claims for Relief

A.  Civil Rights Claim

In order to state a claim under § 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

C.  Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or

directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).

### D. Conditions of Confinement for Pretrial Detainees

Conditions of confinement claims raised by pretrial detainees are analyzed under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Nevertheless, comparable standards apply, with Fourteenth Amendment analysis borrowing from Eighth Amendment standards. Frost, 152 F.3d at 1128. "Jail officials have a duty to ensure that detainees are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Shorter v. Baca, 895 F.3d 1176, 1185 (9th Cir. 2018). To state a claim of deliberate indifference under the Fourteenth Amendment, plaintiff must allege that (if) defendant made an intentional decision with respect to the conditions of plaintiff's confinement; (ii) those conditions exposed plaintiff to a "substantial risk of serious harm"; (iii) defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved; and (iv) by not taking those measures, defendant caused plaintiff's injuries. See Gordon v. Cnty. of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

### E. Monell Liability

Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. Monell, 436 U.S. 658, 690 (1978); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). To properly plead a Monell claim based on an unconstitutional custom, practice, or policy, plaintiff must demonstrate that (1) he possessed a constitutional right of which

he was deprived; (2) the municipality had a policy; (3) such policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation.  See Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).  The municipal policy at issue must be the result of a " 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.' " Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002)).