UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN HILL, | No. 2:23-cv-1593 AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LEIKAUF, et al., | |
| Defendants. | |

Plaintiff, a county inmate proceeding without an attorney, seeks relief pursuant to 42 U.S.C. § 1983. On October 7, 2024, the court granted plaintiff's applications to proceed in forma pauperis and screened plaintiff's original complaint. ECF No. 23. Pending before the court are screening of the first amended complaint ("FAC"), plaintiff's motion to appoint counsel, and plaintiff's request for subpoenas. ECF Nos. 29, 30.

I.    Statutory Screening of Prisoner Complaints

    A.    Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id., 490 U.S. at

1

1   327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an
2   arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989),
3   superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.
4   2000).
5   　　　　In order to avoid dismissal for failure to state a claim a complaint must contain more than
6   "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a
7   cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words,
8   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
9   statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the
10  court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial
11  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
12  inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation
13  omitted).  When considering whether a complaint states a claim, the court must accept the
14  allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the
15  complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421
16  (1969) (citations omitted).

17  　　　　　　B.   Background
18  　　　After the court screened the original complaint, plaintiff was given the option to proceed
19  immediately on his cognizable Fourteenth Amendment claim against Nurse Jennifer or amend the
20  complaint.  Id. at 4-5.  Plaintiff chose to amend the complaint.  ECF No. 26 at 10.  With his
21  Notice of Election, plaintiff also filed a letter (1) informing the court that the doctor's name in the
22  original complaint was incorrect and should be Dr. Chapman instead of Dr. McMann, (2) stating
23  his allegations against all defendants, and (3) attaching a document labeled "Attachment A,"
24  which in a conclusory manner stated he could link the defendants conduct to the constitutional
25  deprivations, he believes supervisory liability applies, he has evidence to prove the conditions of
26  his confinement, and he is working on his Monell claim.  ECF No. 26 at 1-9.
27  　　　In response, the court issued an order giving plaintiff thirty days to file an amended
28  complaint as outlined in the October 7, 2024, screening order.  ECF No. 28 at 2.  The court

advised plaintiff that he should "use the prisoner complaint form used in this district" and reminded plaintiff that he should refer to the court's screening order for the legal standards governing amended complaints and comply with those requirements. Id. at 1. Additionally, the court advised plaintiff that "to the extent the legal standards governing claims for relief are relevant, see [ECF No. 23] at 8-10, Attachment A, on amendment, plaintiff should allege facts establishing those standards *and not merely make vague and conclusory allegations that those standards have been or will be met*. Id. at 2 (emphasis added).

### C. Factual Allegations of the First Amended Complaint

The FAC alleges that "I could not get medical care despite several visits to medical each day for seven days while a staphylococcus infection attacked my left wrist and arm. The infection turned septic and *medical* still refused to prescribe antibiotics. The sepsis infected the artery and was just over an inch away from my heart"; "I lost some use of my left hand since the infection and nearly lost my life to sepsis"; and "by the time the infection grew over 7 days I could not use my left hand by the 3rd day." ECF No. 30 at 3. By way of relief, plaintiff seeks monetary damages against Nurse Jennifer, Dr. Chapman, WellPath LLC, El Dorado County Jail, El Dorado County Sheriff's Department, and Sheriff Jeff Leikauf. Id. at 6.

### D. Analysis

At the outset, the court notes that the FAC violates Rule 8 of the Federal Rules of Civil Procedure, which requires that a pleading consist of a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a)(2), a complaint must provide "fair notice of what plaintiff's claim is and the grounds upon which it rests" in order to enable the defendants to answer and prepare for trial, and to identify the nature of the case. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005); see also Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Failure to do so, alone, is grounds for dismissal. See, e.g., Agnew v. Moody, 330 F.2d 868, 870 (9th Cir. 1964) (finding district court justified in dismissing complaint for failure to comply with Rule 8(a)).

Here, plaintiff's six-page complaint alleges that he received inadequate medical care, which resulted in an infection in his wrist and arm, and his inability to use his arm for several

3

days.  Instead of clearly stating who provided inadequate medical care and how their care or lack thereof was inadequate, plaintiff attaches seventy-eight-pages of letters and exhibits.  Included in these attachments are: (1) a full list of defendants, id. at 7; (2) a letter to the court with Attachment A, which are identical to the documents plaintiff attached to his Notice of Election, compare ECF No. 30 at 8-16 to ECF No. 26 at 1-9; (3) a letter to the court with statements and declarations by other inmates, which are identical to documents the plaintiff previously submitted to the court, compare ECF No. 30 at 22-42 with ECF No. 27; (4) a letter to the court with attachments, which the court has construed as plaintiff's motion to appoint counsel and request for subpoenas, compare ECF No. 30 at 43-84 with ECF No. 29; (5) additional copies of grievance forms and responses attached to (3), compare ECF No. 30 at 17-21 with id. at 34-37; and (6) an additional inmate request slip, id. at 85.  It is not the duty of the court to look through the attached exhibits to determine whether they contain additional facts that would support a cognizable claim under § 1983.  Rather, the court looks to the factual allegations contained in the *complaint* to determine whether plaintiff has stated a cognizable claim for relief.  Accordingly, plaintiff has failed to provide a short and plain statement as required under Rule 8(a)(2).

Plaintiff also fails to state a claim for relief because he fails to *link* individual defendants to an alleged violation.  To state a claim, plaintiff must clearly identify what *each* defendant did or did not do that violated his rights.

As the court stated in its prior screening order, linking defendants to alleged constitutional violations is necessary for all defendants, including any defendants who hold *supervisory* roles, such as Sheriff Leikauf.  To be clear, if plaintiff wants to state a claim against Sheriff Leikauf, plaintiff must allege *facts*, not conclusory allegations, regarding *how* Sheriff Leikauf (1) personally participated in or directed the alleged deprivation of plaintiff constitutional rights or (2) knew of the violations and failed to act to prevent them.

To the extent plaintiff names El Dorado County Jail and Sheriff's Office for purposes of stating a Monell claim, he fails to do so because he does not allege that the county had a *policy* that amounts to deliberate indifference of plaintiff's constitutional rights and is the moving force behind the constitutional violation(s) alleged.

For all these reasons, the court finds that the complaint does not state valid claims against any defendant. Plaintiff may be able to fix these problems, so the court will give him another chance to amend the complaint.

In accord with the requirement in Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings be short and plain, plaintiff's amended complaint cannot exceed 25 pages. Plaintiff is also discouraged from including attachments (e.g. letters, grievances, responses, declarations from others, etc.) to the complaint. Instead, plaintiff should use this district's complaint form and focus on explaining to the court what each defendant did that he believes violated his rights. To the extent the information cannot be captured on this district's complaint form, additional pages can be attached *but plaintiff should identify which section of the complaint is being continued on each additional page* (e.g. Page 1-A, listing additional defendants); B. Defendants, providing name, position/title, and institution for each additional defendant; D. Cause of Action, Claim I, Supporting Facts) *and number all additional pages*.

II.     Request for Subpoenas

Plaintiff seeks a subpoena from the court to obtain a copy of the Health Services Agreement from the El Dorado County Sheriff's Department and El Dorado County Board of Supervisors. ECF No. 29. This case is still at the screening stage and no defendants have been served. As such, plaintiff's request for subpoenas is denied as premature.

Plaintiff is informed that in the event any defendant is served and files an answer, a schedule will be set for discovery at that time. Additionally, for future purposes, plaintiff is advised that if he seeks assistance in serving subpoenas, he must make a showing that such assistance is warranted, which includes showing that he cannot receive the documents he seeks by way of discovery requests to defendants. Failure to make this showing will result in denial of a motion for subpoenas.

III.    Motion to Appoint Counsel

Plaintiff's motion to appoint counsel will be denied. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an

attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Upon screening of the first amended complaint, the court has found that plaintiff fails to state any cognizable claims against any defendant. No exceptional circumstances warranting appointment of counsel.

  IV. Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Your complaint will not be served because the facts alleged in the first amended complaint are not enough to state a claim against any defendant. You are being given a chance to fix these problems by filing a second amended complaint. If you file a second amended complaint, pay particular attention to the legal standards attached to this order. Do not merely repeat them, but instead provide facts that show exactly what each defendant did to violate your rights under those standards. The amended complaint cannot exceed 25 pages. **Any claims and information not in the amended complaint will not be considered.**

Your request for subpoenas is being denied because it is too early to engage in discovery, which includes subpoenas, in this case. Until you have stated claims, this court has served defendants, and you have tried but have been unable to obtain the documents through discovery requests, the court will not entertain requests for subpoenas.

Your motion to appoint counsel is being denied because you have not stated any claims against any defendants, and you have not established circumstances that are not common to most

prisoners such as to allow this court to ask a voluntary attorney to represent you.

V.     Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for subpoenas (ECF No. 29) is denied as premature.

2. Plaintiff's motion to appoint counsel (ECF No. 29) is denied.

3. Plaintiff's first amended complaint fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure and to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A. The first amended complaint, therefore, will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: April 22, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220 (requiring an amended complaint be complete in itself without reference to any prior pleading). This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

II. Legal Standards Governing Substantive Claims for Relief

A. Personal Involvement and Supervisory Liability

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the

1

deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  To state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit . . . the term 'supervisory liability' is a misnomer.  Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct.").  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of a constitutional violation." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).]

        B.    Fourteenth Amendment – Conditions of Confinement for Pretrial Detainees

Conditions of confinement claims raised by pretrial detainees are analyzed under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment.  Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Nevertheless, comparable standards apply, with Fourteenth Amendment analysis borrowing from Eighth Amendment standards.  Frost, 152 F.3d at 1128.  "Jail officials have a duty to ensure that detainees are provided adequate shelter, food, clothing, sanitation, medical care, and personal

safety." Shorter v. Baca, 895 F.3d 1176, 1185 (9th Cir. 2018). To state a claim of deliberate indifference under the Fourteenth Amendment, plaintiff must allege that (if) defendant made an intentional decision with respect to the conditions of plaintiff's confinement; (ii) those conditions exposed plaintiff to a "substantial risk of serious harm"; (iii) defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved; and (iv) by not taking those measures, defendant caused plaintiff's injuries. See Gordon v. Cnty. of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018) (pretrial detainee's medical care claim); Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (pretrial detainee failure to protect claim).

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (citing McGuckin, 974 F.2d at 1059-60).

For the third element, the defendant's conduct must be objectively unreasonable. Castro, 833 F.3d at 1071. A "mere lack of due care" is not enough; plaintiff must show "more than negligence but less than subjective intent—something akin to reckless disregard." Id.

### C. Monell Liability

Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. Monell, 436 U.S. 658, 690 (1978); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). To properly plead a Monell claim based on an unconstitutional custom,

practice, or policy, plaintiff must demonstrate that (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) such policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. See Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). The municipal policy at issue must be the result of a " 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.' " Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002)).